FILED & ENTERED

NOV 16 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Gonzalez DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

In re:

Michael Robert Goland

                                    Debtor.

Case No.: 1:15-bk-14213-GM

CHAPTER 7

**TENTATIVE RULING RE SECOND AMENDED MOTION APPROVING SETTLEMENT AGREEMENT BETWEEN DEBTOR MICHAEL ROBERT GOLAND AND CREDITOR GERRY BURK**

Date:         November 15, 2016
Time:         10:00 a.m.
Courtroom: 303
                 21041 Burbank Blvd.
                 Woodland Hills, CA 91367

    Below is the Court's tentative ruling in connection with the hearing that took place on November 15, 2016 at 10:00 a.m. before the Honorable Geraldine Mund:

    This motion is doc. #110 since it concerns the motion brought as to settlement with Burk, not with Wicklund.  No amended motion as to Burk was filed.  The contention is that Burk holds three non-dischargeable claims against Debtor.

On 10/13/16, the Court entered an Order Directing Michael Goland and Bret Lewis to Include Additional Information to Attached Timeline of Events.  The parties were to email their version of the Timeline to Judge Mund by 10/28/16. Judge Mund received one from Mr. Lewis on that date, but nothing was received from Mr. Goland.

On 11/4/16, Bret Lewis filed a Continuing Objection to Entry of Separate Stipulations of Michael Goland with Creditors Gerry Burk and Hebard Partnership/Wickland to Extend Deadlines to File Adversarial Claims and Entry of Settlement Agreements.  On 11/7/16, Goland filed a second amended motion to approve a revised stipulation.  This was objected to by Lewis.

On 11/10/16, Goland emailed to me a document entitled "Debtor Michael Goland's Compliance with the Court Order Directing Michael Goland and Bret Lewis to Include Additional Information to Timeline of Events."  Rather than creating the chart, this contains an excuse and then 9 1/2 single spaced pages of argument, explanation, etc.  The excuse is that he could not fit this all into the chart format.

(1) The Court is NOT going to read this.  It is an ex parte contact outside the scope of the information requested.

(2) This is of no benefit to the Court in understanding this case.  It is precisely because of the long, rambling pleadings and explanations that the Court ordered the timeline to be created.

(3) Mr. Goland will have one more chance to comply with the order.  I am not interested in his opinion of people or events, merely in the chronological identification of events.  They are to be sorted by case and then by date.  No entry is to exceed 1 sentence of a maximum of 10 words.

This is to be received by 11/30/16.  If not, I may issue an order to show cause as to contempt and sanctions.  I must have this type of structured information to use as a guideline as this case proceeds.

As to the settlement agreement, I believe that this should be handled in the context of an action under §523(a).  There is a question whether the §523(a) period ran, but I do not believe that it has.  If Burk wishes to pursue an action under §523(a), he is to file his adversary proceeding no later than December 9, 2016.  If you wish to pursue a settlement in the context of that adversary proceeding, you may do so and I will review it at the time and determine it based on the evidence presented.  Thus, this motion will be denied without prejudice to filing another motion within the context of an adversary proceeding.

###

Date: November 16, 2016

_____
Geraldine Mund
United States Bankruptcy Judge