FILED & ENTERED

NOV 16 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Gonzalez DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Michael Robert Goland<br><br><br><br><br><br>Debtor. | Case No.: 1:15-bk-14213-GM<br><br>CHAPTER 7<br><br>**TENTATIVE RULING RE SECOND AMENDED MOTION APPROVING REVISED SETTLEMENT AGREEMENT BETWEEN DEBTOR MICHAEL ROBERT GOLAND AND CREDITOR KENNETH WICKLUND SUCCESSOR TO HEBARD PARTNERSHIP, LLC AND ANDREA WICKLUND**<br><br>Date:        November 15, 2016<br>Time:        10:00 a.m.<br>Courtroom:   303<br>             21041 Burbank Blvd.<br>             Woodland Hills, CA 91367 |

Below is the Court's tentative ruling in connection with the hearing that took place on November 15, 2016 at 10:00 a.m. before the Honorable Geraldine Mund:

This motion is doc. #137 as to Wicklund as successor to Hebard Partnership and as to Andrea Wicklund and it is an amended motion as to doc. #111. It was filed on 11/7/16 and set for hearing on 11/15/16. Mr. Lewis correctly objects to the short notice,

-1-

although he also raises some substantive issues.

The bottom line here is that the Hebard Parties own an RTC judgment against Goland that they purchased for over $1 million.  The Hebards are "friendly" creditors (Debtor's sister helped finance their purchase of the judgment) and they and the Debtor have worked together in various ways though the years.  After bankruptcy, they threatened a §523(a)(2) action.  This settlement is to resolve that.  The agreement is that the Hebard Parties will receive their distribution from the estate, which will be applied to the judgment, and then will receive "up to 50% of Debtor's future net worth in five years from distribution in full satisfaction of the Judgment."  They also will receive relief from stay to secure their superior court judgment.

This appears to be a no-asset case and thus there is a no claims bar date at this time.  If, and when, a claims bar date is set, the Hebard Parties are free to file their claim and if there is an objection I will deal with it at that time.

This motion will be denied without prejudice to filing another one within the context of an adversary proceeding.

<u>Proposed Ruling</u> - Deny.  This is an attempt to give a friendly creditor a distribution and also a post-petition priority in Debtor's assets.  There is a question whether the §523(a) period ran, but I do not believe that it has.  If the Hebard Parties wish to pursue an action under §523(a), they are to file their adversary proceeding no later than Dec. 9, 2016.  If you wish to pursue a settlement in the context of that adversary proceeding, you may do so and I will review it at the time and determine it based on the evidence presented.

Please note that Mr. Goland has not completed the timeline as ordered.  See the tentative ruling on cal. #47 [Burk Settlement Motion] as to that.

###

Date: November 16, 2016

Geraldine Mund
United States Bankruptcy Judge