FILED & ENTERED

JAN 17 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egonzale DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Michael Robert Goland<br><br><br><br>Debtor(s). | Case No.: 1:15-bk-14213-GM<br><br>CHAPTER 7<br><br>**TENTATIVE RULING ON MOTION FOR ORDER AUTHORIZING TRUSTEE TO SELL CERTAIN ASSETS OF THE ESTATE**<br><br>Date:    January 14, 2020<br>Time:    10:00 AM<br>Courtroom: 303 |

    The following Tentative Ruling is adopted by the Court as its Memorandum of Decision:

    On 10/18/19 the Trustee filed a notice of proposed abandonment of property of the estate.  On 10/30/19 she withdrew it as to the real property located at 5711-5721 S. Compton Ave. This motion is for sale of that property (identified in the motion as 5721 S. Compton Ave.) to Triple Images LLC for $45,000.  The proposed buyer is the current occupant of the property.  The Trustee has been collecting rents, but now wants to close the estate as there are no other remaining assets.  Thus, this sale motion.

Title is clouded, the Trustee does not believe that a sale is wise. There may also be contamination issues. Property taxes have not been paid in over 20 years and the Trustee stipulated to allow a tax sale to take place. The tax sale will not occur until about October 2020. Tenant has expressed an interest in remaining in the property and in purchasing whatever interests the estate holds, which at minimum is the right to collect rent.

The sale is subject to overbid and overbid procedures are set out. The initial overbid must be no less than $55.000. The potential overbidder has until Dec. 2, 2019 to notify the Trustee of its intention to overbid and to provide the Trustee with a cashier's check of $55,000.

The Trustee requests that the buyer be found to be a good faith purchaser under §363(m).

Opposition by Bezad Cohen

Mr. Cohen opposes the sale and also requests permission to sue the Trustee for conversion of assets that he claims belong to him. He asserts that Michael Goland's bankruptcy schedules do not list any interest of Michael Goland in this property. He asserts that because the Court has no jurisdiction to administer this property (which is not property of the Estate), the Court has no right to issue an advisory opinion and approving the sale would constitute an advisory opinion.

In support of his claim that the property belongs to him, Mr. Cohen attaches a series of documents, including his petition that he filed in superior court (case 16STPB00431), which is verified under penalty of perjury. In the petition, Cohen asserts that a trust was established by Goland with Cohen as the beneficiary ("the Cohen Trust") and Gerry Burk as the Trustee.

Goland was the agent of Compton Slauson Property Enterprises, Inc. whose sole shareholder was CSPEI Trust. The Trust identifies its corpus as the "property owned by Compton Slauson Property Enterprises, Inc." This was given to the Trust by a quitclaim

from the Settlor/Trustee, which was Compton Slauson Property Enterprises, Inc. In the Certification of Trust attached to the Petition, Michael Goland is identified as the settlor and also as the person who could revoke the Trust.  Gerry Burk is identified as the trustee. The Trust Property was 5722-5721 Compton Ave.

There was a trust deed given by Cohen (aka Bezad Kahoolyzadeh) to Kings Canyon Partner (of which Michael Goland was a/the partner).  Kings Canyon assigned this to Burk as Trustee for the Cohen Trust.  Cohen states that the trust deed was thus terminated.  On November 25, 2013, Burk, as Trustee of the Cohen Trust, issued a grant deed from Burk as Trustee of the Cohen Trust to Burk as Trustee of the 5721 Trust.  Then on June 2014, Burk as the Trustee of the January 10, 1989 trust deed held a foreclosure sale of the Property and sold it to Kings Canyon for a bid of $300,000. [There is some confusion in the documents since the promissory note was dated 1/10/89 for $135,000 and secured by deeds of trust on two properties (2450 E. Eighth St. and 5711-5721 Compton Ave.)  The foreclosure was only the Compton Ave. property and said that the unpaid balance on the debt was $1+ million.]

Burk breached his fiduciary duty by transferring the Trust Property (5721 and 5711 S. Compton Ave.), but did not distribute the proceeds to Cohen, who is the beneficiary of the Trust.  The Property eventually ended up in the name of Burk's company (KCC) and then Burk leased it to Triple Images, LLC and collected rent from 2005 on.  He kept this money.

Cohen also contends that the real property at 5721 S. Compton Ave. was abandoned to National Resources, Inc. in the case of 2:01-bk-26407-VZ and that National Resources, Inc. was his corporation and he succeeded to the rights of that entity.

Reply

The motion does not request permission to sign a quitclaim deed to transfer the Property to the buyer.  While the motion seeks to transfer everything at the Estate owns,

the only known asset held by the Estate is the right to collect rent generated by the Property. This is contained in the order authorizing the Trustee to operate the Property by collecting rents. [dkt/ 299]

Cohen was listed in the petition for "notice purposes only." He has not filed a proof of claim. Title to the Property is in dispute and severely clouded. The only right that the Estate clearly holds is to collect rent and that is all that is being sold. Cohen has the right to seek to unwind the title – but should do it in another forum.

Proposed ruling

The first notice of the sale was filed on 11/26/19. Any overbidder only had a week to act. Even if the sale had been on the original proposed date of 12/17, this is a short period of time. Has the Trustee had any contacts from possible overbidders?

As to the Cohen opposition. The Trustee is only selling what the estate owns. If the estate has no legal rights to the Property, then no legal rights pass to the buyer by virtue of the sale. The buyer has to be put on notice of the claims of Mr. Cohen and the assertion by the Trustee that the only thing that the estate owns is the right to collect rents (although the quitclaim deed will be broader than that and will state that the estate is selling all its right, title, and interest to the Property). Does Triple Images wish to go forward with the sale?

As to the request to sue the Trustee, Cohen can file suit to recover the rents collected, but that must be filed in the bankruptcy court. Or he can put a claim into the estate. The Trustee has whatever defenses exist. As to title to the Property, he can take what action is needed to further assert his interest, but the Trustee is not to be a party to that since she will have sold whatever the estate owns.

///
///
///

Grant the motion to sell subject to overbid.  If the proposed buyer is the successful bidder, grant the motion under §363(m).

###

Date: January 17, 2020

Geraldine Mund
United States Bankruptcy Judge