FILED & ENTERED

JUN 23 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fisherl    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Michael Robert Goland<br><br>Debtor(s). | Case No.: 1:15-bk-14213-GM<br><br>CHAPTER 7<br><br>**TENTATIVE RULING ON TRUSTEE'S FINAL REPORT AND HEARING ON APPLICATIONS FOR COMPENSATION [DKT. 406]**<br><br>Date:    June 23, 2020<br>Time:    10:00 AM<br>Courtroom: 303 |

The Trustee's final report anticipated a zero percent distribution to unsecured creditors. Also no payment would be made on the allowed secured claims of the Wicklunds. All monies would be paid to the chapter 7 administrative creditors, each of which would be paid about 96% of its claim. Included in the proposed distribution would be that of $9,602.71 fees and $165.10 costs for S.L. Biggs, the accountant for the Trustee.

The Trustee entered into an agreement with her counsel and with Biggs that each would reduce their fee applications so that the Trustee would have $3,000 to be

distributed to allowed timely filed unsecured claimants.  This was filed on May 18, 2020 but the final report filed on May 19 does not reflect any distribution to unsecured creditors.

Goland Opposition

On May 4, the Debtor filed an opposition to the Biggs' "unserved" final fee application and also one to the fee application of Brutzkus Gubner, the attorney for the Trustee.

Biggs Application – Filed 3/12/20.  There was an order of 9/13/16 (dkt. 117) that service on Mr. Goland be by email.  This application for fees was not served in accordance with that order.  For various health reasons, Debtor requests a hearing at the end of the lockdown since he is self-quarantined and also his computer is out for repair and cannot be recovered at this time since the repair shop is closed due to the quarantine..  He needs a computer that can be used by only the right hand.

Brutzkus Gubner Application  - The application mis-described and mischaracterized services that they performed.  When Goland recovers his computer, he will file a more detailed description.

Burk Opposition – Because the Court is closed, he has not been able to view the final report.  He has contacted the court in an attempt to get a copy, but to no avail.  He requests that the hearing be delayed until he can obtain a copy.

Biggs Response – Biggs was not aware of the order to send email copies.  The Debtor has never sent them his email and it is not referenced on the front page of the court docket.  This response was sent to Goland's email address.

Bret Lewis Opposition and Request to File an Action Against the Trustee

Goland repeatedly disclaimed any interest in 5711-5721 Compton Ave. and he did not list it in his schedules. Lewis complained to the Trustee and offered to assist and/or handle a quiet title or non-dischargeability action for this purpose. The Trustee told Lewis that Goland's activities in this case probably rose to the level of criminal activity and that she made a criminal referral and that her counsel was going to file a quiet title action. Neither the Trustee nor her counsel took any action to block Goland's discharge. So none of the fees earned by the Trustee or her counsel are justifiable or reasonable. They were either incompetent or colluded in failing to act and this was a fraud on the court at the expense of the creditors and of Lewis.

Beyond that, Lewis is a secured creditor and should be treated as such and his claims should come prior to administrative claims because he had served the debtor with a judgment debtor's examination prior to his bankruptcy. Thus Lewis has a security interest in all of Goland's personal property. CCP 708.110(d); *Daff v. Good (In re Swintek)*, 906 F.3d 1100 (9th Cir. 2018).

This opposition was one day late because of health issues.

Alternatively, Lewis requests leave to file an action for fraud and breach of fiduciary duty against the Trustee and her counsel.

Trustee Reply to Lewis Opposition, Debtor's Opposition, and Debtor's Opposition to Accountant

As to Lewis

Lewis does not explain how he was harmed by reliance on the Trustee's failure to pursue litigation to quiet title the Compton Property. He had multiple opportunities to

purchase the litigation rights and declined to do so.  Lewis also had standing to file an action to deny Goland a discharge.  As to seeking permission to sue the Trustee, he has not submitted a draft complaint or indicated where that suit would be filed.

The Trustee and her counsel spent a great deal of effort in investigating the nature of the Debtor's right in Compton.  Litigation would have been astronomically expensive with no promise of recovery.  These were addressed in the Sale motion, which was approved by the Court.  Lewis attended that hearing and orally objected, but did not make an overbid.  Early on Lewis negotiated with the Trustee to buy the Trustee's rights in Compton, but decided not to go forward because of possible contamination issues.

Lewis filed a dischargeability action, but he also had standing to file a complaint to deny discharge.  He chose not to do so.  He could have done so in conjunction with asserting that title was in Goland.  He also could have sought revocation of discharge.  But he declined to do any of these.

Lewis seeks a reconsideration of the order approving his settlement with the Trustee.  This is a final order and not subject to further challenge.  Lewis was paid under the settlement and is no longer a secured creditor.  As to his unsecured claim, he will receive his pro rata share of distribution of the amount that the professionals are leaving in this administratively insolvent estate.

### As to Goland

Goland lacks standing to object to the fee applications because there is no chance that this will be a surplus estate.  Also, he has had over a month to provide supplemental responses, but has failed to do so.

Concerning the accountant's fee application, Goland provides no evidence to support his claim that the billing is excessive and wasteful or that the services were not

-4-

actually performed. There is no reason to doubt the accountant's extensive detailed records.

Similarly, the objection to the attorney's fees lack standing and the fees are supported by extensive billing detail. Much of the fees reflect the time and effort that the Trustee put in to investigate the Compton Property and the best way for resolving those issues.

Proposed Ruling

As to the fees for the accountant and the attorney – Goland has had at least six weeks to file a detailed objection. He could have done so without a computer – handwriting it or typing it. He was able to prepare and file his oppositions. But even if he had, the Trustee is correct that he lacks standing. This is clearly an insolvent estate and even if it wasn't there would be no surplus for Goland. The Trustee has the duty to review the fees of her professionals and the detailed billing reflects the work done. The Compton property was an asset worth investigating and this took time and effort. This was not an easy case and the fees were justified.

As to Mr. Burk, his opposition was signed on June 5. The BNC certificate of service shows that the notice was sent to him on May 21, 2020 at the address on his opposition. Although the clerk's office may have been closed to the walk-in public, PACER was available and he could have obtained a copy through that service or from the Trustee. Mr. Burk is not a stranger to this Court.

As to Mr. Lewis, the Court does not find his objections to be actionable. He certainly had the standing to take the actions complained of. The Trustee has wide discretion to act in what she considers the best interest of the estate. Mr. Lewis was an active creditor in this case. He entered into a stipulation with the Trustee as to the status of his claim. That is now final and will not be reopened. Concerning filing a

complaint against the Trustee. I believe that he only needs permission if the complaint is to be filed in another court than the bankruptcy court. There is no need to allow it to be filed elsewhere. While an adversary complaint may or may not be warranted, if it is to be filed it must be done so by a date certain and in this court. It is time for this case to move to closure.

It should be noted that on June 16, 2020, Mr. Burk filed an adversary proceeding against Ms. Zamora (1:20-ap-01063). That is not Michael N. Sofris is his counsel in that case.

I will approve the fees of the Trustee's counsel and of her accountant. As to the final report, I think that this must wait until the Burk adversary is resolved and – if Lewis files one – until that is also resolved.

Date: June 23, 2020

Geraldine Mund
United States Bankruptcy Judge