

**FILED & ENTERED**

**JAN 29 2024**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
BY **fisherl**    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Michael Robert Goland<br><br><br><br><br><br>Debtor(s). | Case No.: 1:15-bk-14213-GM<br><br>CHAPTER 7<br><br>**MEMORANDUM OF OPINION DENYING MOTION TO REOPEN [dkt. 461]**<br><br>Date:      January 23, 2024<br>Time:      10:00 AM<br>Courtroom: 302 |

The bankruptcy case of Michael Goland, which was filed in 2015, was closed in April 2022. The motion to reopen was filed in the bankruptcy case (15-bk-14213), but really concerns Lewis v. Goland, adv. 16-ap-01046 (closed in February 2018). Initially that adversary proceeding sought that two state court judgments should be declared non-dischargeable, but later it was amended to add a third.[dkt.1, 97]  The two that are at issue are set forth in bold type:

**Dog at Home, Inc. v. Goland, LASC SC088376, in which the superior court granted a judgment against Goland in the amount of $15,040 for violation of an injunction [the Contempt Matter].**

**Goland v. Susan Marlowe and Dog at Home, Inc** [filed in the Superior Court as **Goland v. Lima Norris et al**], LASC BC410835, in which the superior court granted an anti-slapp motion and awarded Dog at Home, Inc.(DAH) and Susan Marlowe (Marlowe) fees and costs of $6,541. [referred to as the Norris-Judgment, the anti-Slapp matter or the Vexatious Litigant Matter]. According to the complaint and the amended complaint, prior to March 29, 2016 Marlowe and Dog At Home, Inc. assigned all of their rights to Bret D. Lewis (Lewis). [dkt. 1, ¶18; dkt. 97, ¶18]

Goland v. Dog at Home, Inc. and Susan Marlowe, LASC EC044886, in which the superior court dismissed the complaint with prejudice and awarded the defendants $31,625. The claim for relief was added in the amended complaint. According to the amended complaint, "Susan Marlowe has assigned all of her rights in the EC044886 Award to Lewis." [dkt. 97, ¶21]

On March 3, 2017, the Court granted summary judgment to Lewis as to the $15,040 contempt judgment and initially denied summary adjudication without prejudice as to the $6,541 vexatious litigant judgment. [dkt. 71] However, on May 2, 2017 the Court entered an Order Partially Granting Motion to Reconsider and awarding summary adjudication to Lewis on the Vexation Litigant Matter. [dkt. 99, 100]

Lewis as plaintiff then filed an amended complaint as to the Vexatious Litigant Matter and added a claim for relief as to LASC EC044886, seeking to declare both judgments to be non-dischargeable. On January 24, 2018, Lewis and Goland's attorney filed a stipulation to dismiss the amended complaint as to the EC044886 award and the Court's order on the motion for reconsideration vacating the claim for further relief on BC410835 [dkt. 123]

This left Lewis with a judgment in the initial amount of $15,040 and of $6,541 which were declared non-dischargeable by this court.

Although filed in the bankruptcy case, the crux of this motion is that the adversary proceeding should be reopened because the purported assignment to Lewis was procedurally faulty under California law and because Susan Marlowe's signature was forged. The motion sets

forth a group of exemplars of signatures by Susan Marlowe, which Mr. Goland asserts show that the assignment was forged.

Opposition

Mr. Lewis raises several issues, the first being whether Mr. Goland has standing to file anything due to his status as a vexatious litigant by order of the superior court.

Beyond that, Mr. Lewis asserts various other arguments in opposition, which generally consist of the passage of time and the need for finality. He also provides the declaration of Susan Marlowe that she did assign the judgments to Mr. Lewis and that the questioned assignment contains her original signature.

Goland Reply

The vexatious litigant order is limited to filing new litigation in California courts without prior consent. This does not apply to the bankruptcy court, which is a federal court. [Order of Judge Armen Tamzarian in BC410835, entered January 5, 2024]

As to the time limit, FRCP 60(d)(3) does not preclude a request to set aside a judgment based on fraud on the court, which can be brought at any time.

The issue as to whether there was fraud should be determined once the motion to reopen is granted so that the motion to vacate the judgment can be heard.

Even if Ms. Marlowe's signature is valid, the procedure for assignment was not followed. Because the assignment was not notarized, the assignment is void. Both Lewis and Marlowe were aware that CCP §673 required notarization and thus Lewis knowingly and maliciously committed fraud on this court.

Even though Goland is familiar with Marlowe's signature (she being his ex-wife), he consulted with an expert who told him that it is most likely not Marlowe's signature. Thus, in his opposition, Lewis has subsumed perjury from Marlowe that it is her signature.

///
///

-3-

New Matters Argued at the Hearing

At the hearing, Mr. Goland raised a new issue concerning whether Mr. Lewis actually has an actionable interest by way of an attorney's lien on the superior court judgments. Ms. Marlowe filed a chapter 7 bankruptcy case and did not list the superior court cases as assets, so they were never revealed to the Trustee in that case. Therefore, they are still assets of that case and not owned by Ms. Marlowe and Mr. Lewis cannot assert an interest.

At the hearing, Mr. Lewis again argues that the release with the Trustee in this bankruptcy case frees him of any claims asserted by Mr. Goland.

## ANALYSIS AND RULING

This motion was filed some six years after all action concluded in the adversary proceeding and that case was closed. It appears that this motion was triggered because Mr. Lewis is seeking a contempt order in the superior court case of <u>Goland v. Susan Marlowe and Dog at Home, Inc</u>. LASC BC410835. A review of the superior court docket shows that there is continuing contentious litigation in that case.

As to the argument that Mr. Goland is barred from filing this motion because of the state court vexatious litigant order, the judge in the superior court case has made it clear that the order does not apply to an existing case and also that it is limited to actions in the California state court system. [See Minute Order filed 1/5/24]. I fully agree with this reading of the vexatious litigant order. There is no vexatious litigant order in this court, which is where the motion is being filed.

REOPENING THE BANKRUPTCY CASE

11 USC §350 controls the reopening of bankruptcy cases. That provision is limited to "administration of assets, to accord relief to the debtor, or for other cause." Although some cases allow reopening to allow a creditor to file a new adversary proceeding under §523, none appear to require it to deal with an existing adversary proceeding in which there is already a judgment that the debt is non-dischargeable. It is simply something that does not impact the bankruptcy case itself. Reviewing the case law, most of these motions to reopen a bankruptcy case deal with

such things as adding a creditor or claim, adding an asset to the estate, administering assets of the estate, avoiding liens, etc.

Here there is no benefit to the debtor or to the estate because no distribution was made to Mr. Lewis, Dog at Home, Inc., or Ms. Marlowe and thus there is no money to be refunded to the estate. [dkt. 458]  Similar to a "no asset" case, the reopening of the bankruptcy would be of no benefit to anyone. In re Mendiola, 99 B.R. 864, 865 (Bank. Ill(N) 1989).  Even Mr. Goland does not request that the Trustee be reappointed to administer recovered assets for distribution in that there are no assets to recover.

REOPENING THE ADVERSARY PROCEEDING

Although there may be exceptions, a motion to reopen an adversary proceeding does not require that the bankruptcy case itself be reopened under §350, but it falls under Fed.R. Bank.Proc. 9024, which incorporates, Fed.R. Civ.Proc. 60.

Rule 60 provides in relevant part:
(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.
On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

    (c) Timing and Effect of the Motion.

        (1) Timing. A motion under Rule 60(b) must be made within a reasonable time— and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

In general this Rule incorporates the concept of finality. Things must come to an end. Five specific reasons for a motion for relief from a judgment are set forth with a sixth that is for "any other reason that justifies relief." [FRCP 60(b)(6)] The first three reasons are time-limited to one year. The only other reason that might apply here is FRCP 60(b)(6). Further, Rule 60(b)(6) cannot be used to supplant the time-limited provisions. Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007) (Rule 60(b)(6) "applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60."). Anda motion under Rule 60(b)(6) must be brought within a reasonable time, is limited to matters "to prevent manifest injustice" and "only where extraordinary circumstances prevented a party from taking timely action." Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.), 503 F.3d 933, 941 (9th Cir. 2007) (quoting United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005).

In short, one cannot use the catch-all of FRCP 60(b)(6) to resurrect a claim that would have been allowed if brought in a timely fashion under FRCP 60(b)(1), (2), or (3). Each of the issues raised by Mr. Goland in this motion to reopen fall squarely under either Rules 60(b)(2) or 60(b)(3).

Without prejudging the outcome, I will look at the allegations to determine if they could have been brought in a timely fashion or if there are extraordinary circumstances that prevented Mr. Goland from raising these in a timely manner. Although not necessary unless extraordinary circumstances exist to reopen, I will briefly analyze whether it is likely that reopening would lead to a different result as to each superior court judgment.

///
///

-6-

### The Signature of Ms. Marlowe

The specific action that Goland complains of is that Lewis (or someone other than Marlowe) signed Marlowe's name to the assignment of the judgment and that Goland was not aware of this until recently. It appears from the exemplars that the document to which Mr. Goland is referring is the declaration of Ms. Marlowe which is attached as part of Mr. Lewis's proof of claim that was filed on April 7, 2017. [claim 10-1]

As to the alleged forgery, that falls under FRCP 60(b)(2) and 60(b)(3). Both of these provisions have long-since expired.

Even if, for some reason, Goland did not notice the alleged difference in the signature of Marlowe on the declaration, this cannot be excused under FRCP 60(b)(2), which is limited to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Goland and Marlowe were formerly married, were in hot litigation with many signed documents and declarations, and only the least bit of due diligence would have brought this issue before the court at the time of the motion for summary judgment, etc. or shortly thereafter. There is no excuse for the 6 ½ year delay and it is barred by the statute of limitations. In fact, there is no excuse for the failure to request a copy of the actual assignment (which is not attached to the proof of claim) in this hotly contested relationship.

### The Failure to Comply with California Law as to the Assignment

Cal.Code Civ Proc. §673 states:

a) An assignee of a right represented by a judgment may become an assignee of record by filing with the clerk of the court which entered the judgment an acknowledgment of assignment of judgment.

(b) An acknowledgment of assignment of judgment shall contain all of the following:

(1) The title of the court where the judgment is entered and the cause and number of the action.

(2) The date of entry of the judgment and of any renewals of the judgment and where entered in the records of the court.

(3) The name and address of the judgment creditor and name and last known address of the judgment debtor.

(4) A statement describing the right represented by the judgment that is assigned to the assignee.

(5) The name and address of the assignee.

(c) The acknowledgment of assignment of judgment shall be:

(1) Made in the manner of an acknowledgment of a conveyance of real property.

(2) Executed and acknowledged by the judgment creditor or by the prior assignee of record if there is one.

Mr. Goland asserts that the assignment does not meet the requirements of CCP §673 and therefore it is not valid. It is possible that it does not comply with that section, but CCP §673 is not dispositive of the issue.

Cal. Code Civ. Proc. §954.5(a) states:

(a) Subject to subdivisions (b) and (c), a transfer of a right represented by a judgment excluded from coverage of Division 9 of the Commercial Code by paragraph (9) of subdivision (d) of Section 9109 of the Commercial Code shall be deemed perfected as against third persons upon there being executed and delivered to the transferee an assignment thereof in writing. [*Court: §954.5(b) and §954.5(c) do not apply to this case.*]

Fjaeran v. Bd. of Supervisors, 210 Cal. App. 3d 434, 440 (4th District Court of Appeal, 1989) explains the interplay of §§673 and 954.5:

An assignment of judgment rights need not be filed with the court in order to accomplish the transfer of the interest in the judgment. (Civ. Code, § 954.5, Law Revision Com. com., 1982 addition.) Filing or recording an assignment of judgment, however, does serve two purposes. First, it allows an assignee to obtain a writ of execution, or to use other enforcement remedies provided for in the Code Civil Procedure. (Code of Civ. Proc., § 673, Law Revision Com. com.; Code Civ. Proc., § 681.020.) Second, it

-8-

establishes the assignee's priority in relation to other assignees of the same judgment rights in the event that the original judgment creditor assigns his or her rights in the judgment to more than one assignee. (Civ. Code, § 954.5, subd. (b).) *But, to reiterate, the assignment is enforceable against third parties regardless of whether the assignment has been recorded or filed.* [italics in original]

It does not matter whether Lewis and Marlowe and DAH met all of the requirements of CCP §673 for Mr. Lewis to own an interest in the superior court judgments.

Assignment of SC088376 (the Norris matter)

The complaint and amended complaint state that after DAH was awarded $15,040 for attorney's fees and costs in SC088376, "[o]n June 26, 2015 Dog at Home, Inc. acknowledged its assignment of its rights in the judgment (the "Judgment") to Bret D. Lewis, its attorney of record in the case, including interest thereon." [dkt. 1, ¶14; dkt. 97, ¶14]

A review of the superior court docket in SC088376 shows an entry on June 26, 2015 of the assignment and of an acknowledgment of the assignee of judgment filed by Mr. Lewis. Although no copy of the actual assignment is in the papers for this motion or on the adversary docket [as far as I can find], a copy of the acknowledgement was filed in the adversary complaint as dkt. 37-8. There is no dispute that the signature on the acknowledgement is that of Ms. Marlowe and no information has been filed to show that this assignment does not meet the statutory requirements of CCP §673. However, only the interest of Dog at Home, Inc. was assigned and while Mr. Lewis certainly has ownership rights through Dog at Home, Inc., as of June 26, 2015 he was not the sole owner and Ms. Marlowe still had her interest in the judgment.

No later than November 14, 2016, Golan had a copy of the purported assignment (attached as exhibit 34 to the declarations of Marlowe and Lewis in the motion for summary judgment [dkt. 37-8, exhibit 34]. On January 30, 2017 he questioned whether it assigned both DAH's interest in the judgment and Marlowe's interest or only DAH's interest. [dkt. 61, p. 19] Whether Lewis had 100% ownership or only a partial ownership of the judgment, he had

standing to file this adversary complaint. The assignment did not need to meet all to the requirements of CCP §673, but to the extent that Goland claims that it should have, he had notice of the assignment well before the statute of limitations had run.

As to granting this as extraordinary relief, Mr. Goland had notice that the assignment may only have consisted of the interest of DAH. And though it was not necessary to meet all of the statutory requirements, a review of the assignment would have shown him whether or not it had done so. Due diligence by him or his attorney would have revealed this from the outset of the adversary proceeding or during the pendency of it. This does not meet the requirement to forgo the one-year statute of limitations.

Assignment of BC410835 (the Anti-Slapp matter)

As to the Anti-Slapp Matter (BC410835), Lewis states in the complaint and amended complaint that after the awarding of fees to DAH and Marlowe, but before the filing of the adversary complaint, DAH and Marlowe "assigned all of their right, title and interest in the Anti-Slapp Judgment to Lewis, including interest accrued thereon." [dkt. 1, ¶18; dkt. 97, ¶18]

No copy of the actual assignment has been filed here or in the superior court. As part of Mr. Lewis's proof of claim #10-1, he attaches a declaration of Susan Marlowe signed on April 7, 2017 that states that "I, individually, and on behalf of Dog at Home, Inc., as its authorized signatory, assigned to Bret D. Lewis, all my rights and those rights of Dog at Home, Inc. to amounts payable to me and/or Dog at Home, Inc. in LASC Case No. BC410835 and in LASC Case No. EC044886," This is the document that Goland refers to in his assertion that Marlowe's signature is forged. And this is the document that her latest declaration validates.

The court does not find any notice of the assignment on the docket of case BC410835. Marlowe and/or DAH are listed as the person(s) filing notices, etc. after the adversary proceeding was begun and even after the judgment in that adversary proceeding. See, for example, entries on the BC410835 docket on 11/17/16, 4/6/17 (which is the day before the execution of the declaration of Ms. Marlowe asserting that the assignment had previously taken place [Proof of Claim #10-1]), 12/4/18, 3/9/21, 9/13/21, 8/31/22, 5/25/23, 8/25/23, 10/12/23. etc.

The Court does not have access to the actual documents filed, but presumably they were filed by Mr. Lewis as the attorney for Marlowe and for DAH.

Because Marlowe and/or DAH continued to act as the parties in the state court case and because there is no copy of the actual assignment or of the transfer of it in writing to Lewis, it appears that the statement in paragraph 18 of the complaint and amended complaint does not prove that an assignment took place in compliance even with the more lenient standard of CCP §954.5, subd. (a).

As above, the statute of limitations has run concerning this alleged assignment. Mr. Goland was on notice from the very beginning of the adversary case that Mr. Lewis claimed that an assignment existed. He never questioned this or asked to see the assignment or to obtain a written statement from Ms. Marlowe (who did not sign the complaint) that she had made the assignment, or when and how.

Once again the limited time to raise this has passed.

Status of Lewis' Interest

Whether or not Lewis was the assignee of Marlowe's and/or DAH's interest, he made it clear that he had his own interest in the superior court cases and therefore the issue of the assignment may be a "red herring." The complaint and amended complaint [dkt. 1, ¶7; dkt. 97, ¶7] both state that Marlowe and DAH were the plaintiffs in SC088376 and in BC410835 and that Lewis was their attorney and had an attorney lien interest in the cases.

In his declaration attached to the Request for Judicial Notice as part of the Motion to Reconsider portions of the judgment which was filed on March 15, 2017 [dkt. 80], Mr. Lewis states that "I am presently and at all material times since 2007 [have] been the attorney for Susan Marlowe and Dog at Home, Inc."

At oral argument, Mr. Goland asserted that Lewis does not hold any interest because Ms. Marlowe did not reveal the superior court actions in her bankruptcy case, which was filed under the name of Susan Kay Bolinger (2:09-bk-30368). This is incorrect as to BC410835, which is

-11-

listed on Ms. Marlowe's Statement of Affairs and was removed by Goland to the bankruptcy court on October 6, 2009 as adversary 2:09-ap-02288-BR.

And while SC088376 is not specified in her schedules or Statement of Financial Affairs, in her schedule B Ms. Marlowe stated that she owned $900,000 worth of claims against Michael Goland, Michael Spellman, Lance Haddix, Brad Herman and related parties for malicious prosecution and abuse of process. However, on October 19, 2009 Marlowe filed a motion against Goland in her bankruptcy case for violation of the automatic stay in which she asserted that "Michael Goland … violated the injunction issued in LASC Case No. SC088376" and she sought damages and sanctions against Goland. Attached to that motion is a copy of an order by the superior court and the default judgment against Goland. [2:09-bk-30368, dkt. 54] Then, on October 29, 2009 Ms. Marlowe filed a motion to hold Mr. Goland in contempt for violation of the automatic stay and for violation of the injunction issued in LASC Case No. SC088376. [2:09-bk-30368, dkt. 58] Neither motion had a proof of service showing that these were sent to Ms. Miller, the chapter 7 trustee.

However on November 6, 2009 Ms. Miller was served with a Notice of Summary of Status of Superior Court Cases [2:09-bk-30368, dkt. 69] and this specifies and summarizes SC0833878. There is no doubt that Ms. Miller had notice of this case and chose not to pursue it for the benefit of the estate.

In her Report of No Distribution filed on December 23, 2009, Ms. Miller states:
I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 5 months. Assets Abandoned: $ 1497000.00, Assets Exempt: $ 154300.00, Claims Scheduled: $ 1443433.00, Claims

Asserted: Not Applicable, Claims scheduled to be discharged without payment: $ 1443433.00.

Pursuant to 11 USC Section 554(c) and 554(d), case BC410835, which was listed on the Statement of Financial Affairs, is abandoned to Ms. Marlowe and any of her assignees. As to case SC088376, that was known to the Trustee at least several months before her final report, if not sooner through the section 341 process. Ms. Miller states that the estate has been fully administered and thus that case is also abandoned to Ms. Marlowe and any of her assignees.

RULING

Here there is nothing to show that there were extraordinary circumstances that prevented Mr. Goland from challenging the assignments prior to judgment or within the limited time to set aside the judgment or bring a motion to reconsider. Beyond that, the judgments were not based on the assignments, but on the actions of Mr. Goland. There was no "manifest injustice" in the court's judgment in the adversary proceeding.

Further, Mr. Lewis has standing to pursue both superior court judgments through this adversary proceeding.

Also, the evidence provided in the motion to reopen does not demonstrate that the court can provide the relief requested and therefore reopening the adversary proceeding would be pointless. Horton v. United States (In re Horton), 2020 Bankr. LEXIS 2675, 2020 WL 5814363, at *2 (B.A.P. 9th Cir. Sept. 29, 2020).

The motion is denied.

###

Date: January 29, 2024

Geraldine Mund
United States Bankruptcy Judge